**In re VAL MORITZ INVESTMENT GROUP, LTD., d/b/a Silvercreek Development Company, Ltd., Debtor.**

**Bankruptcy BK No. 87–B–10024–M.**

United States Bankruptcy Court, D. Colorado.

June 21, 1990.

Robert T. Cosgrove, Burns, Wall, Smith & Mueller, P.C., Denver, Colo., for debtor.

Barry J. Weinert, Lewis, Weinert & Powell, P.C., James C. Underhill, Barbara Z. Blumenthal, Cornwell & Blakey, Denver, Colo., for The Inn at Silvercreek Homeowners Ass'n.

James E. Brown, Grant, McHendrie, Haines and Crouse, Denver, Colo., for GEICO Financial Services, Inc.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.*

Heard in Denver on May 10, 1990, on the request of the Inn at Silvercreek Homeowner's Association (HOA), for payment of condominium fees as post-petition administrative expenses. The motion is opposed by the debtor, Silvercreek Development Company, and GEICO Financial Services, Inc., a secured and post-petition financing creditor. At the conclusion of HOA's direct presentation, we denied without prejudice the debtor's oral motion to dismiss. After hearing all of the evidence, however, we decided to, and did, reconsider our order denying the dismissal. Having done so, we reverse our earlier ruling, and grant the debtor's motion to dismiss on the ground that HOA's claim [1] does not relate to property owned by the debtor.

■ Based upon our review of the entire record, as well as our agreement with two cases cited by the debtor, *In re Wetherbee*, AP No. 88–M–0184, 1989 WL 110796 (Bankr.D.Colo. March 13, 1989) and *In re American Resources Management Corp*, 51 B.R. 713 (Bankr.D.Utah 1985), we conclude that as of March 1989, when Peter Colley signed a deed in lieu of foreclosure and delivered it to the secured creditor (GEICO), title to the subject property vested in the bank. Therefore, even without any additional rulings, the debtor is not responsible for HOA fees after March 1989, because GEICO was the owner of the property after that date. Additionally, and while this ruling does not constitute a finding or conclusion that consent to relief from stay operates as a matter of law to transfer title to property, we do note that the debtor's consent to relief from stay, and the Court's written order memorializing such consent, undeniably supports the debtor's stated intent to abandon the property in question. While the above ruling leaves open the question of apportionment of fees attributable to pre March, 1989, and in what amount, we are unable to decide that issue because the record is insufficient to make such a finding.

■ Notwithstanding that our ruling above (based upon the deed in lieu of foreclosure) is dispositive, an additional reason for denying the relief requested is that the HOA has waived and is estopped from asserting this claim because of its failure to object to or oppose the approval of the April 28, 1989 post-petition financing agreement. The fact that HOA's attorney, James Underhill, Esq., was present at that hearing and stated unequivocally that he had no objection to the court's approval of the financing agreement leaves very little room for argument, and the position advanced by HOA in opposition to the estoppel question falls short of what would be required to support that argument. Accordingly, we conclude as a matter of law that the HOA has waived and is estopped now and in the future from seeking payment of fees from the debtor, for the period in question.

We also reject HOA's argument that it is not really attempting to reach post-petition financing budgeted funds, because it intends to recover said fees, pro-rata, from the post-petition creditors who have already been paid as such. This argument is illusory, because we all know where these funds came from. Furthermore, even if we were inclined to rule as the HOA requests, any such order would be invalid as against such creditors, who were without notice that a claim was being made against them,

---

* For the District of Rhode Island, sitting by designation.

1. Both as it relates to the units that are part of Inns Ltd., and those that were owned in the debtor's name alone.

either at the April 1989 hearing, or at the present time. In fact, the Court was not aware of HOA's plan of recovery against post-petition creditors until it was mentioned by counsel for HOA in his concluding remarks.

Lastly, with regard to the value of services provided to the debtor by the HOA, in view of the above rulings, this is really a non-issue. However, in deference to the time and attention devoted to this question by all parties, we state for the record, and possibly for appellate purposes, that because of insufficient evidence on the subject, we are unable to make any findings or conclusions that would be meaningful or other than mere guesswork, and therefore decline to make such a ruling.[2] This absence of proof also renders incapable of determination, the question of the value of said services to this bankruptcy estate, both as it relates to the claim of the HOA, and to the debtor's claim of set off raised in its objection to the instant motion.[3]

Enter Judgment accordingly.

---

2. For example, the evidence introduced by HOA consisted of budgeted, rather than actual figures, with no showing of expenses paid or incurred. Also, when the court specifically inquired of Mr. Colley as to his opinion of the value of said services to the estate, he refused to guess. We, likewise, prefer not to speculate.

3. Based on our ruling above that, by its conduct, the HOA is estopped from now seeking payment for said fees, we are not required to determine the value of these services to the estate.